OPINION OF THE COURT
Steven W. Fisher, J.
This is a motion by defendant John Taylor for an order (1) suspending the procedures for automatic postponement of jury service upon request; (2) directing the Commissioner of Jurors not to grant requests for postponements of jury service im *787 mediately before and during jury selection in this case; and (3) requiring that all requests for postponements be made to the court, on the record, and in the presence of the parties, and that they be adequately justified.
Section 517 of the Judiciary Law authorizes the Commissioner of Jurors or the court to grant the application of a prospective juror to postpone the jury service for which he or she has been summoned. The statute provides in pertinent part that “[a]n application for postponement of jury service shall he granted * * * provided [that] such service has not already been postponed or excused * * * [and] the postponement is to a date certain * * * not more than six months after the date on which such service otherwise is to commence * * * ” (Judiciary Law § 517 [a] [2] [i], [iii] [emphasis supplied]).
The corresponding court rule provides that “[a] prospective juror who has received the initial jury summons is entitled, upon notifying the commissioner of jurors, to a postponement of jury service to a specific jury term date that is not more than six months after the date such service is to commence as set forth in the summons” (22 NYCRR 128.6-a [a] [1] [emphasis supplied]).*
Assuming without deciding that the court has the power to direct the Commissioner of Jurors to disregard the unambiguous automatic-first-postponement provisions of the statute and the rule, the defendant has failed to demonstrate a sufficient need for such an order. Prospective jurors, who have already received summonses to attend on the date scheduled for trial, have no reason to believe that they will be called for this case. The Commissioner of Jurors gives out no advance information on when particular cases are scheduled to begin.
Moreover, there is no basis to conclude that prospective jurors, in large numbers or of any particular group, will be trying to postpone their service in order to avoid this case. Consequently, there is no compelling reason for the court to direct the Commissioner of Jurors to depart from the mandatory language of the statute and the rule.
Accordingly, the defendant’s motion should be denied in all respects.

 Subsequent postponements may be granted only upon a written application containing documentation showing that, without the postponement, a hardship would result that was unanticipated at the time of the prior postponement (see Judiciary Law § 517 [c]; 22 NYCRR 128.6-a [a] [2]).